This is an original action in this court in which the relatrix, Anna Miller, seeks a writ of mandamus commanding the Industrial Commission of the state to consider her application for compensation and determine whether relatrix "has a right to participate in the said state insurance fund for death benefits." Her claim was based upon the assertion that her husband during the course of his employment contracted an occupational disease known as lead poisoning, the disability resulting therefrom beginning about October 15, 1931, which disability continued to the time of his death January 30, 1933. The petition averred that the decedent on December 22, 1931, had made application for compensation by reason of disability resulting from such occupational disease, and that this relatrix filed an application with the commission for death benefits as the widow of said Fred C. Miller, deceased, February *Page 255 
4, 1933, and evidence was submitted in proof of her claim. Relatrix further averred that thereafter the commission rejected said claim upon the ground that it was not filed within the time required by law.
The commission by answer admitted many of the averments in the petition. As a second defense the commission averred that on March 18, 1925, said Fred C. Miller filed a claim for compensation for occupational disease, to-wit, lead poisoning, disability therefrom having started October 12, 1924, which claim was then disallowed by reason of the fact that it was not filed within two months after the alleged date of disability. The commission averred further that on December 22, 1931, said Fred C. Miller filed an application for compensation for occupational disease, stating that the disability had begun November 1, 1931, which claim was investigated by the Industrial Commission, and that the commission found that Miller had first become afflicted with lead poisoning in October, 1924, and that he was disabled until December of that year, when he returned to work, but that he again became sick September 6, 1931, and was compelled to quit work on account of such disease on November 1, 1931. The commission avers that it found that the diseased condition of which Miller complained was a continuation of the same lead poisoning which had originated in October, 1924, and that by reason thereof his application for compensation for an occupational disease was denied; that, thereafter, on February 4, 1933, the relatrix filed her claim for an award from the occupational disease fund on account of the death of her husband, wherein she fixed the date of the injury as October 15, 1931, and the date of the death of her husband as January 30, 1933.
The commission avers that it has considered the evidence submitted, including the statements of Fred C. *Page 256 
Miller made by affidavit during his lifetime, and has found that the disease from which he died, lead poisoning, commenced in October, 1924, and that no application had been filed with the Industrial Commission within the time prescribed by Section 1465-72b, General Code; and it further found that more than eight years had elapsed from the beginning of the disease until the date of his death, and that there was no period during which compensation could have been paid under the provisions of Section 1465-89, General Code, and by reason thereof disallowed said claim.
It is stated by counsel for the relatrix in their brief that "she [relatrix] submitted all her evidence to the commission and on October 6, 1933, the Commission considered her claim." The particular error charged, which it is claimed influenced a finding adverse to relatrix, consisted in the consideration of certain affidavits previously made by her husband.
It was from a consideration of all the evidence that the commission reached the conclusion that more than eight years had elapsed, which required a denial of the claim under the provisions of Section 1465-82, General Code.
It thus appears from the conceded facts that the Industrial Commission has considered the claim of the relatrix and decided it, that its finding and conclusion were based upon the facts before it, and that from a consideration thereof it determined that the relatrix was not entitled to compensation.
It is elementary that mandamus will lie only to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. Action may be compelled, but where the exercise of discretion is involved it cannot be influenced or controlled by mandamus; neither can alleged erroneous action, though based upon evidence claimed to be incompetent or insufficient, be thus reviewed. *Page 257 
This case was submitted upon demurrer to the answer; it searches the record, and, for the reasons stated, requires a denial of the writ.
Writ denied.
WEYGANDT, C.J., STEPHENSON, JONES, BEVIS, ZIMMERMAN and WILKIN, JJ., concur.